## CHARLES DOSS V. SAMUEL SLAUGHTER.

*(Case No. 3967.)*

1. LOCATIVE INTEREST.— A contract between the owner of a land certificate and a locator for the location of the same, by the terms of which the locator is to have a portion of the land when titled, is a contract for the joint acquisition of land; the contract when performed is analogous to a joint purchase of land, and the owner of the certificate holds the title that issues thereon in trust for the locator, to the extent of the interest he was to acquire for his services.

2. SAME.— If the certificate be located on separate tracts of land, the interest of the locator attaches to each survey; if but a portion of the certificate is located and titled, the locator is *prima facie* entitled to his *pro rata* interest in the portion thus titled.

APPEAL from Fannin. Tried below before the Hon. R. R. Gaines.

The material facts in this case, as disclosed by the record, may be thus briefly stated:

In the spring of 1851, appellee Slaughter, plaintiff below, and one J. S. Noble, then resident citizens of Sabine county, entered into a contract, whether in writing or not does not appear, by which Noble was to locate the headright certificate of Slaughter for one-third of a league of land, in consideration of which Noble was to receive one-third of the land which might be patented thereby. Shortly thereafter, Noble moved to Kaufman county, and Slaughter to Williamson county. About 1852 or 1853, Slaughter being in Kaufman county, called upon Noble in regard to the certificate, and was informed that nothing had been done with it. About 1856, Slaughter again made inquiry through a party who was going to Kaufman county, who reported that Noble said he had sent the certificate to Fannin county for location. On May 6, 1856, patent issued to Slaughter for the survey of land in controversy, situated in that county, being for less than one-half the certificate. The record is silent as to what disposition is made of the remainder of it. The land thus patented is shown

to have been valuable. Noble died, but at what date does not appear, and the certificate was inventoried as part of his estate. Subsequently, in July, 1874, his heirs, by warranty deed, for a valuable consideration, sold this land to appellant Doss, defendant below, who went into possession and made valuable improvements. Slaughter testifies that he never sold the certificate to Noble, and that he did not know where it was located until July, 1875, and it is not shown that he made any inquiry in the meantime in regard to it.

Having paid the back taxes on the land, Slaughter, on August, 25, 1876, instituted this suit of trespass to try title against appellant Doss, in possession, which resulted in a judgment against him, and from which this appeal is taken.

*Richard B. Semple* for appellant.— The locator's contract, being a personal trust or confidence, cannot be delegated. The sub-locator having no privity with the owner of the certificate, there was no privity between him and plaintiff. Smith *v.* Sublett, 28 Tex., 163. Having received the benefit of the location, effected through and at the expense of Noble, plaintiff is estopped from repudiating the locative contract. Reed *v.* West, 47 Tex., 240.

*Throckmorton & Brown* for appellee.

I. The evidence did not show that C. J. Fuller or any other person for Jamison Noble, located the land.

II. Appellee had no plea setting up the contract for a locative interest in the land, and averring performance; this was necessary to his recovery.

III. Appellant showed no such chain of title as would have justified him in believing that he had a good title. Sartain *v.* Hamilton, 12 Tex., 221. Appellant introduced the deposition of appellee to the effect that he delivered the certificate to J. S. Noble under a contract to locate it and procure the patent. Deed from the heirs of J. S. Noble, and testimony of Joe P. Noble, of an exchange of lands between appellant and J. S.

Noble's heirs, and inventory of estate of Noble. No other evidence was offered on the subject of title.

IV. The evidence showed the rents to have been equal to, if not more than the improvements. Pasch. Dig., art. 5300.

VI. Appellant offered no evidence of title in himself derived from the government.

Bonner, Associate Justice.— It would seem from the meagre statement of facts in this case, that it was not fully developed in the court below.

It was tried by the court without the intervention of a jury, and it does not appear upon what ground judgment was rendered for Slaughter. It is suggested by counsel, however, that it was based upon the fact that the certificate was not located by Noble in person, but that he delegated this trust to another, and that thereby his locative claim to part of the land was forfeited under the ruling in Smith v. Sublett, 28 Tex., 163.

We are of opinion that the facts did not warrant the judgment upon this ground.

That the location was entrusted to another by Noble was communicated by him to Slaughter, who not only made no objection thereto, but accepted the location, and which was a valuable one. To permit Slaughter under these circumstances to ratify the acts of Noble and accept its benefits, and yet after the lapse of so long a time, to now refuse, without any excuse shown therefor, to comply with his own part of the contract, would be contrary to sound principles of justice. Reed v. West, 47 Tex., 240.

The contract between Slaughter and Noble to locate the certificate, was one for the joint acquisition of land, which, when performed, was analogous to a joint purchase of the land thus acquired, and Slaughter held the patent which subsequently issued to him, in trust for the beneficiary under this contract. Ross v. Armstrong, 25 Tex. Sup., 366; Reed v. West, 47 Tex., 240.

As under the law the certificate could have been located in more than one survey, the contract was severable and not indivisible, and Noble was entitled to his interest in each survey, if more than one.   Smith *v.* Crosby, 47 Tex., 121.

This suit was in trespass to try title for one survey only, by which but a part of the certificate had been appropriated, and it was not shown, by either the pleadings or evidence, what disposition had been made of the remainder.   Under the case as presented by the record, the defendant Doss, as the vendee of the heirs of Noble, deceased, was entitled *prima facie* to the one-third locative interest of Noble in the land sued for, and which he could have asserted under the plea of not guilty. Pasch. Dig., art. 5307.

Slaughter did not rebut this *prima facie* case by showing any facts which would defeat this locative interest.

As shown by the record, it was error in the court to render judgment for Slaughter for the whole of the land, for which the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 16, 1880.]